UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLAVIO CAMERO, | CV F 05-0034 OWW WMW HC |
| Petitioner, | ORDER RE MOTION TO DISMISS, GRANTING PETITIONER OPPORTUNITY TO WITHDRAW UNEXHAUSTED CLAIMS |
| v. | [Doc. 10] |
| MIKE KNOWLES, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302. Pending before the court is Respondent's motion to dismiss the petition on the ground that it contains both exhausted and unexhausted claims in violation of 28 U.S.C. Section 2254(b)(1).

Petitioner filed a previous petition for writ of habeas corpus in this court: <u>Camero v. Knowles</u>, 1:03 cv 06904 REC TAG HC. In that case, the Magistrate Judge entered findings and recommendations on March 15, 2004, that the case be dismissed for lack of exhaustion. On June 1, 2004, the District Judge adopted the findings and recommendations, dismissing the petition without

prejudice because it contained unexhausted claims.[1] Petitioner subsequently filed a petition for writ of habeas corpus with the California Supreme Court, which the court denied on December 15, 2004.

Petitioner filed the present petition on January 10, 2005. Respondent now moves to dismiss portions of the petition on the ground that the claims are not exhausted. Petitioner has filed a response to the motion to dismiss, in which he merely recites the procedural history of his prior court proceedings. He does not dispute Respondent's contention that some of his claims are unexhausted.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888. A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court. See, Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an

---

[1] Contrary to Petitioner's statement in his present traverse, he did not withdraw the petition in case number 1:03 cv 06904 REC TAG HC. .

argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act. Pub.L. No 104-132, 110 Stat. 1214.  Under the AEDPA, exhaustion can be waived by respondent. 28 U.S.C. § 2254(b)(C).  The court can also excuse exhaustion if "(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such a process ineffective to protect the rights of the application." 28 U.S.C. § 2254(b)(1)(B).  In this case, Respondent has not waived exhaustion.  In addition, California provides avenues for Petitioner to pursue state claims.   For example, these claims may be presented in a petition for writ of habeas corpus.  See Cal. Penal Code §§ 1473 - 14758.

Finally, there are not sufficient circumstances in this case for the court to ignore the United States Supreme Court's admonishment that comity demands exhaustion and find that California's corrective processes are ineffective to protect Petitioner's rights.

In this case, the court finds that Respondent is correct in arguing that some of Petitioner's claims are unexhausted. Specifically, the claims that are unexhausted are as follows: 1) within ground two, the claims that counsel was ineffective for failing to call particular witnesses and that counsel's actions denied him a speedy trial; 2) ground four; 3) ground five; and 4) ground six. The court must dismiss a petition that contains unexhausted claims, even if it also contains exhausted claims. Rose, 455 U.S. at 521-22, 102 S.Ct. at 1205; Calderon v. United States Dist. Court (Gordon), 107 F.3d 756, 760 (9th Cir. 1997) (en banc) *cert. denied*, 118 S.Ct. 265 (1997); Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir.1988).

Pursuant to Ninth Circuit holdings, a petitioner should be given the option of withdrawing his unexhausted claims and proceeding in federal court with those claims that are exhausted. Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988)*, citing*, Rose v. Lundy, 455 U.S. 510, 520 (1982). However, should Petitioner abandon his unexhausted claims, any later attempt to amend the petition to include newly exhausted claims may be subject to an abuse of the writ challenge.  See McCleskey v. Zant, 111 S.Ct. 1454 (1991); Rose v. Lundy, 455 U.S. 455 U.S. 510, 520-521 (1982); see also,

Rule 9(b), Rules Governing Section 2254 Cases; 28 U.S.C. § 2254 (failure to allege all available grounds for relief in a single petition may be abuse of the writ).  Should Petitioner fail to withdraw the unexhausted claims or withdraw the petition, the petition will be dismissed. Rose, 455 U.S. at 519; Guizar, 843 F.2d at 372.  This dismissal will not bar Petitioner from returning to federal court after exhausting available state remedies. See, Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir.1995).  However, Petitioner should bear in mind that 28 U.S.C. § 2244(d) sets out a critical one-year limitations period within which a federal habeas petition may be filed.  In most cases, the one year period starts to run on the date the California Supreme Court denied Petitioner's direct review.  See, id.  Although the limitations period tolls while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), is does not toll for the time an application is pending in federal court. Duncan v. Walker, 121 S.Ct. 2120, 531 U.S. 991 (2001).

The Court HEREBY ORDERS:

1. Petitioner is GRANTED thirty (30) days from the date of service of this order to inform the court whether he seeks to withdraw the unexhausted claims and proceed with those that are exhausted *or* withdraw the entire petition and return to state court to exhaust those claims that are unexhausted.   The court will delay ruling on the pending motion to withdraw the petition in order to allow Petitioner to consider his alternatives.

IT IS SO ORDERED.

**Dated:     January 30, 2007**               /s/  William M. Wunderlich
mmkd34                                        UNITED STATES MAGISTRATE JUDGE