IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FLAVIO CAMERO,

        Petitioner,         No. CIV-05-0034 ALA HC

        vs.

MIKE KNOWLES,

        Respondent.        <u>ORDER</u>

_____/

        Pending before the court is Petitioner Flavio Camero's *pro se* application for writ of habeas corpus (doc. 1).

        Pursuant to the Court's May 30, 2007 order (doc. 15), Petitioner withdrew the following unexhausted claims: "(a) within ground two, the claims that counsel was ineffective for failing to call particular witnesses and that counsel's actions denied him a speedy trial; (b) ground four; (c) ground five; and (d) ground six." As a result, the only claims still pending are those alleging the following grounds for relief:

    1.    Insufficient evidence to support the conviction (Ground I);

    2.    Ineffective assistance of counsel for counsel's failure to "object to overly detailed presentation of 'fresh complaint'" (Ground II(1));

    3.    Ineffective assistance of counsel for counsel's failure to request a limiting

    instruction concerning "fresh complaint" evidence; (Ground II(2));

4.  Failure to submit special verdict form to the jury (Ground III);

5.  Unjustified imposition of life sentence (Ground III);

6.  Sentencing judge's failure to exercise discretion and avoid application of "one strike law" (Ground III); and

7.  Cruel and unusual punishment (Ground VII).

  A review of Respondent's Answer reveals that it fails to address several material issues raised by the pending petition.  First, Respondent's Answer does not address the Ground II claims that Petitioner did not withdraw.  "The answer must address the allegations in the petition."  *Rule 5(b), Rules Governing Section 2254 Cases in the United States District Courts*.  Therefore, Respondent shall respond to the unaddressed allegations in the manner specified below.

  Second, Respondent has not addressed the question of whether the doctrine of procedural default bars our review of Petitioner's claim that the trial judge erred in failing to submit a special verdict form.  Pursuant to California law, any objection to the form of verdict must be railed at the trial level.  *See People v. Bolin*, 956 P.2d 374, 397-98 (Cal. 1998) (stating that an objection to the form of record is waived when no objection is made "at the time the court proposed to submit" the verdict form or "when the jury returned its finding").  If this claim is procedurally defaulted, efficiency weighs against disposing of the claim on the merits.  Therefore, Respondent must also address this issue in the manner specified below.[1]

  ACCORDINGLY, Respondent is directed to file, on or before February 29, 2008, a brief of no more than eight pages, addressing:

---

[1] The court is authorized to request additional briefing on this issue.  *See Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998) (explaining that a federal court may raise the issue of procedural default *sua sponte* if doing so furthers the interests of comity, federalism, and judicial efficiency).

(1) the Ground II claims Petitioner did not withdraw; and

(2) the applicability, if any, of the doctrine of procedural default to Petitioner's special verdict argument.

Petitioner may, but is not required to, file a response of no more than ten pages within ten days of receipt of Respondent's filing.

/////

DATED: February 19, 2008

          /s/ Arthur L. Alarcón  
          UNITED STATES CIRCUIT JUDGE  
          Sitting by Designation